3-638380

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAERSK SEALAND,

           Plaintiff,

- against -

PISHEV CORP. INTERNATIONAL,
and BRANKO PISHEV,

           Defendants.

CIVIL COMPLAINT
IN ADMIRALTY

04 10222

      Plaintiff MAERSK SEALAND by its attorneys, LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, and its Designated Local Counsel, PITTS AND PITTS, as and for its Complaint against defendants PISHEV CORP. INTERNATIONAL and BRANKO PISHEV, in personam, in a cause of action civil and maritime, alleges upon information and belief:

      1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, the Ocean Shipping Reform Act of 1999, 46 U.S.C. App. 1701 et seq., and Clause 14 of the Bill of Lading.

      2. At all times hereinafter mentioned, plaintiff MAERSK SEALAND was and still is a corporation duly organized and existing under the laws of the State of Delaware with offices and a place of business at 6000 Carnegie Blvd., Charlotte, NC 28209.

      3. Upon information and belief and at all times hereinafter mentioned, defendant PISHEV CORP. INTERNATIONAL ("PISHEV CORP.") was and still is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with offices and a place of business at 104-112 Faneuil Hall Marketplace, Boston, MA 02109.

RECEIPT # 63506
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 1-30-04

4. Upon information and belief and at all times hereinafter mentioned, defendant BRANKO PISHEV ("BRANKO PISHEV"), was and still is a natural person and resident of the Commonwealth of Massachusetts, residing at 55 Meream St., Lexington, MA 02173.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT PISHEV CORP.

5. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-3, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

6. On or about the dates and at the port of shipment stated in Schedule A, hereto, certain goods were delivered to plaintiff to be carried to the port of destination and at the agreed charges to be paid by defendant pursuant to plaintiff's published, all as set forth in Schedule A.

7. Thereafter, the said goods were transported to the port of destination and delivered to the consignees and/or their agents.

8. Plaintiff has performed all acts required to be performed by plaintiff.

9. Defendant has failed and refused, and continues to fail and refuse to remit the payment due of $7,148.72, although duly demanded.

10. By reason of the foregoing, plaintiff has sustained damages in the amount of $7,148.72 which, although duly demanded, have not been paid.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT BRANKO PISHEV

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1, 2, 4 and 6-10, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

12. Pursuant to Clause 14.4 of the Bill of Lading, the principals of the shipper are jointly and severally liable for the ocean freight and related charges due.

13. Defendant BRANKO PISHEV, as President and Treasurer of defendant PISHEV CORP. is liable for the $7,148.72 due.

14. Plaintiff has performed all acts required to be performed by plaintiff.

15. Defendant has failed and refused, and continues to fail and refuse to remit the payment due of $7,148.72, although duly demanded.

16. By reason of the foregoing, plaintiff has sustained damages in the amount of $7,148.72 which, although duly demanded, have not been paid.

WHEREFORE, plaintiff prays:

1. On the First Cause of Action - for judgment in the amount of $7,148.72, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

2. On the Second Cause of Action – for judgment in the amount of $7,148.72, together with interest thereon, costs, disbursements and a reaonable attorney's fee.

3. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendants citing them to appear and answer all the singular matters aforesaid.

4. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: New York, New York
       Lynn, Massachusetts
       January 29, 2004

PITTS AND PITTS

By_____
   Edmund M. Pitts
   BBO400880
   Designated Local Counsel for Plaintiff
   MAERSK SEALAND
   152 Lynnway, Unit 1F
   Lynn, MA  01902
   (781) 596-7171

LAW OFFICES OF
ALBERT J. AVALLONE & ASSOCIATES


By _____
    Albert J. Avallone - AA1679
    Attorneys for Plaintiff
    MAERSK SEALAND
    551 Fifth Avenue, Suite 1701
    New York, NY 10176
    (212) 696-1760

SCHEDULE A

I. <u>Particulars</u>:

    1. Bill of Lading No. SJ1132994, dated March 10, 2003, from Houston to Petrich via THESSALONIKI, on the Vessel SL PERFORMANCE, one (1) forty-foot Hi-Cube SAID TO CONTAIN: FROZEN BEEF TRIPE, at the applicable tariff and/or Service Contract rate of $7,148.72 (Exhibit A).

Amount Paid: $0                   Amount Due: $7,148.72

II. <u>Total Amount Due: $7,148.72</u>

# MAERSK SEALAND

Remit To: Maersk Sealand 6000 Carnegie Blvd, Charlotte, NC 28209

B/L No. MAEU SJ1132994

**Shipper/Exporter (complete name and address)**
PISHEV CO.
104-112 FANEUIL HALL MARKETPLACE
BOSTON, MA 02109    US

**Booking No.**
001553780

**Export references**
ACS0053647
TLR525/526

**Consignee (complete name and address)**
P.M.K.
SKOPJE, F.Y.R.O.M.

**Forwarding agent - references**  FMC 2940
ACS WORLDWIDE INC
2201 S LIVELY BLVD
ELKRIDGE IL 60007

**Point and Country of Origin**

**Notify Party (complete name and address)**
SAME AS CONSIGNEE

**Domestic routing/export instructions**

*Shipper memoranda not part of Bill of Lading*

**Place of Receipt:** HOUSTON

**Vessel:** SL PERFORMANCE    **Voy No.:** 0305    **Port of Loading:** HOUSTON, TX

**Onward inland routing**
NO SED REQUIRED-AES 363392682
XTN ACS0053647

**Port of Discharge:** THESSALONIKI    **Place of Delivery:** PETRICH

## CARRIER'S RECEIPT — PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE

| Container No./Seal No. Marks and Numbers | No. of Containers or pkgs. | Kind of packages; description of goods | Gross Weight | Measurement |
|---|---|---|---|---|
| | 1 | CY / CY<br>X 40'H/C REFRIGERATED CNTR<br>1100 CASES<br>FROZEN BEEF TRIPE<br>VENTS CLOSED<br>NET WEIGHT: 55,000 LBS/<br>24948 KGS<br>GROSS WEIGHT: 57,200 LBS/<br>25946 KGS<br>MPF103036<br>SC NO: 11135<br>STOWED IN A REEFER CONTAINER<br>SET AT SHIPPERS REQUESTED<br>CARRIAGE TEMPERATURE OF  0 | 57200.000 LBS | 1200.000 CFT |

*NON-NEGOTIABLE COPY FREIGHT INVOICE*

| Freight & Charges | Rate | | Unit | Prepaid | Collect |
|---|---|---|---|---|---|
| BASIC FREIGHT  2.00* | 3430.00 | USD | HC | 6860.00 | |
| ADDITIONAL CHARGE | 70.00 | USD | SU | 140.00 | |
| WHARFAGE CHARGE | 2.60 | USD | SH | 74.36 | |
| WHARFAGE CHARGE | 2.60 | USD | SH | 74.36 | |

**EXHIBIT "A"**

**Declared Value Charges (see clause 6) for Declared Value of US $**

**Total Prepaid:** USD 7148.72

**Total Collect:**

Shipped in apparent good order and condition, unless otherwise stated herein, for transportation on board the ocean vessel mentioned herein or any substituted vessel or on board the feeder vessel or other means of transportation (rail or truck) if place of receipt is named in this Bill of Lading, the goods or packages or containers said to contain goods, hereinafter called "the Goods", specified herein for carriage from the port of loading herein or place of receipt if mentioned herein to the port of discharge named herein or deliver at the place of delivery if mentioned herein, such carriage, discharge or delivery being always subject to the exceptions, limitations, conditions and liberties hereinafter agreed in all cases and in all circumstances whatsoever finally, cease. It is further agreed the case may be, for delivery unto the Consignee mentioned herein or his or their assigns where the Carrier's responsibilities shall in all cases and in all circumstances whatsoever finally, cease. It is further agreed that Containers may be stowed on deck without notice pursuant to Clause 16 on the reverse side of this Bill of Lading. IN WITNESS whereof the number of original Bills of Lading stated on this side have been signed, one of which being accomplished the other(s) to be void.

**Place of Issue:** RESOURCE US    **Date:** MAR 10 03

SEE ATTACHED SHEET

MAR 10 2003

MAERSK INC.
As Agent(s) only
Signed for the Carrier A.P. Møller – Maersk A/S trading as Maersk Sealand

M2003

**MAERSK SEALAND**

ATTACHMENT NO.: 1 OF 1

|   |   | LBS | CFT |
|---|---|---|---|
| 1 | X 40'H/C REFRIGERATED CNTR<br>1100 CASES<br>NET WEIGHT: 55,000 LBS/<br>24948 KGS<br>GROSS WEIGHT: 57,200 LBS/<br>25946 KGS<br>MPF103037<br>ON BOARD 03-10-03<br>SL PERFORMANCE V0305 AT<br>HOUSTON, TX<br>SC NO: 11135<br>STOWED IN A REEFER CONTAINER<br>SET AT SHIPPERS REQUESTED<br>CARRIAGE TEMPERATURE OF    0<br>DEGREES FAHRENHEIT | 57200.000 | 1200.000 |

MAERSK INC.